**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RHONDY J. DAVIS SR. #1934352** | § | |
| | § | |
| **V.** | § | **A-14-CA-835-LY** |
| | § | |
| **E. LABERNEUER, CAPTAIN L.** | § | |
| **BROWN, L. GLATT and** | § | |
| **SERGEANT L. JOHNSON** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Holliday Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff was convicted in Travis County Cause No. D-1-DC-13-300423 of burglary of a habitation with the intent to commit assault - enhanced, and assault family violence - enhanced.  On June 2, 2014, pursuant to a plea bargain agreement, he was sentenced to six years in prison on both counts, and the sentences were ordered to run concurrently.  Plaintiff admits he was represented by counsel in his criminal case.

Plaintiff alleges he was denied legal materials while he was confined in the Travis County Correctional Complex.  Plaintiff explains he was attempting to protect himself from ineffective assistance of counsel in his Travis County cases.  Plaintiff further alleges his grievances regarding the denial of legal materials were not resolved to his satisfaction.  Plaintiff sues E. Laberneuer, L. Brown, L. Glatt, and L. Johnson.  He seeks a declaratory judgment, an injunction ordering the defendants to stop violating inmates' rights to access to the courts, compensatory damages in the amount of $75,000 against each defendant jointly and severally, and punitive damages in the amount of $75,000 against each defendant.

## DISCUSSION AND ANALYSIS

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff's complaint is frivolous.  The United States Supreme Court has decided "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law

libraries or adequate assistance from persons trained in the law." <u>Bounds v. Smith</u>, 430 U.S. 817,

828 (1977).  The right of access to court applies to pretrial detainees confined in jail.  <u>Walker v.</u>

<u>Navarro Cnty. Jail</u>, 4 F.3d 410, 413 (5th Cir. 1993).  Importantly, a county satisfies the duty with

respect to indigent pretrial detainees by appointing attorneys to represent them. <u>Degrate v. Godwin</u>,

84 F.3d 768, 769 (5th Cir. 1996).  A county must provide an adequate law library only if it fails to

provide adequate assistance from someone trained in the law.  <u>Green v. Ferrell</u>, 801 F.2d 765, 772

(5th Cir.1986); <u>Morrow v. Harwell</u>, 768 F.2d 619, 623 (5th Cir. 1985).  Moreover, to succeed in a

denial of access to court claim, an inmate must show an actual injury.  <u>Lewis v. Casey</u>, 518 U.S. 343,

349-51 (1996).  He must show the denial frustrated or impeded his pursuit of a non-frivolous claim

with arguable legal merit.  <u>Id.</u> at 352–53.

      In the present case, Travis County satisfied its obligation of providing Plaintiff with access

to court by appointing counsel to represent him in his criminal cases.  In addition, Plaintiff does not

allege, nor has he shown, he was prohibited from filing any nonfrivolous claims while confined at

the Travis County Correctional Complex.  Prisoners also do not have a federally protected liberty

interest in having their complaints resolved to their satisfaction. <u>Geiger v. Jowers</u>, 404 F.3d 371,

373-74 (5th Cir. 2005).

RECOMMENDATION

      It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as

frivolous pursuant to 28 U.S.C. § 1915(e).

      It is further recommended that the Court include within its judgment a provision expressly

and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in

(a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

3

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ

- Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of September, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE